The Chancellor.
The only question now to be determined is, whether by the assignment of the promissory notes by Maria Holmes to the defendant, a trust was created in which the complainant is interested ?
The bill alleges that Maria Holmes, during her last sickness, and a few days before her death, assigned and delivered to the defendant six promissory notes, amounting in the aggregate to the sum of one thousand dollars, upon the special trust and confidence that he should apply the same to the payment of her, the said Maria Holmes’, funeral expenses, and the payment of a small debt of twenty-five cents, due and owing from her to one Richard R. Rogers, and after the payment of said funeral expenses and debt, to divide the balance equally between the defendant and the complainant; and that the defendant accepted and took possession of the notes upon the said especial trust. And the bill alleges that one of the said notes so assigned was a note of the defendant himself, which the said Maria Holmes held against him, amounting to about four hundred dollars.
The answer admits that the said Maria Holmes did assign and deliver to the defendant, not six, but five promissory notes, amounting in the aggregate to about the sum of seven hundred dollars, and denies that the said Maria Holmes assigned to him any note of his own, and that she then, or at any time, held any note of the de *124 fendant himself, or that he was ever indebted to her. The answer denies that the notes were delivered to the defendant upon the trust alleged in the bill, or upon any similar trust whatever; but avers that the said Maria Holmes assigned and delivered the said five notes to the defendant upon condition that he would pay her funeral charges and debts, and without annexing any other condition to the said assignment; and that the said assignment was made to him absolutely for his own sole use and benefit after the payment of the said funeral expenses and debts. The answer further states, that the said Maria Holmes, when she made the assignment, alleged her motive in making the assignment to be to remunerate the defendant for valuable services rendered by him to her, and supplying her for a number of years with money and the necessaries of life, and taking care of her during her sickness. The answer admits that, some days after the assignment was made, Maria Holmes stated to the defendant that she knew the notes she had assigned to him were not sufficient to pay him for what he had done for her, but requested him, if he could in justice to himself, to give something to his sister, the complainant, but that she left it altogether to his discretion.
The complainant filed a replication to the answer, and both parties have taken pi’oofs. The trust alleged in the bill is a good and valid trust, and should, if sustained by sufficient evidence, be established and enforced by the court. A trust of personalty may be created by parol. The statute of frauds, which requires all declarations of trusts and confidences of any lands, tenements, and hereditaments to be manifested and proved by some writing, signed by the party declaring such trusts, or by last will in writing, does not extend to declarations of trusts of personalty. Nixon’s Dig. 306, § 11; 2 Story’s E. J. § 971, note 2; Kimball v. Dole and others, 1 Halsted’s C. R. 26.
The proof in the case is sufficient to establish the fact, that the assignment of the promissory notes was made to the defendant in trust to pay the funeral expenses and the *125 debts owing by Maria Holmes at her decease, and the balance to divide equally between the complainant and defendant. There is no substantial variance betweén the trust proved and that stated in the hill. The only difference is as to what payments were to be made out of the fund before its distribution- — the bill alleging that the funeral expenses, and a debt of twenty-five cents only, were chargeable upon the fund, and the proof showing that the funeral expenses and all the decedent’s debts were to be paid. This is not such a variance as to prevent the court’s carrying into effect the trust as established by the proof. The trusts are substantially the same.
It appears, from the evidence, that the funeral expenses and all the debts which were owing by Maria Holmes at her death have been paid by the defendant. There is no one interested in the fund except the parties to this suit. There is no necessity, therefore, of administering upon the estate of the decedent, or having her personal representatives before the court in this suit.
There must he a reference to a master to state an account of the trust fund in the hands of the defendant, and of the funeral expenses and of the debts of Maria Holmes at the time of her decease, including all just domauds which the defendants had against her, showing the balance of the fund after such deductions. It is unnecessary to give auy instructions to the master. It may be proper, however, to say that the evidence now before the court is not sufficient to establish that there were any other notes assigned to the defendant, except those admitted by his answer. The parties will be at liberty to produce further testimony before the master as. to this particular and as to the indebtedness of Maria Holmes to the defendant at the time of the assignment and at her death.
The question of costs is reserved until the final decree.